

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–15–127

| | | |
|---|---|---|
| KELLY GREENLEE | | **Opinion Delivered** September 2, 2015 |
| | APPELLANT | |
| | | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT |
| V. | | [NO. CV–2014–1113–4] |
| | | |
| AUSTIN ALEXANDER | | HONORABLE CRISTI BEAUMONT, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Kelly Greenlee appeals the Washington County Circuit Court order dismissing her claims against Austin Alexander. Greenlee asserts that the circuit court erred in finding that her claims were barred by the statute of limitations. We affirm.

On February 19, 2011, Greenlee and Alexander were involved in a car accident. On February 6, 2014, Greenlee filed a complaint against Alexander in the Washington County Circuit Court alleging that Alexander's "neglige[nt] and reckless, intentional behavior" caused the accident and that she sustained personal injuries. Greenlee did not serve Alexander with the complaint. Instead, she attempted to negotiate a settlement with Alexander's insurance company. When the settlement negotiations required additional time, Greenlee filed a motion for a nonsuit on June 9, 2014, which the circuit court granted on June 10, 2014. However, the negotiations were unsuccessful, and on June 17, 2014, Greenlee filed a second lawsuit

SLIP OPINION

against Alexander, asserting the same claims as her first complaint.

On August 21, 2014, Alexander moved to dismiss Greenlee's complaint, alleging that the three-year statute of limitations, as provided in Arkansas Code Annotated section 16-56-105, barred Greenlee's claims. The circuit court granted Alexander's motion and dismissed Greenlee's claims with prejudice on October 23, 2014. Greenlee then filed this timely appeal.

On appeal, Greenlee argues that the circuit court erred in finding that the statute of limitations from section 16-56-105 barred her claims because Arkansas's savings statute applies. She notes that pursuant to the savings statute, if a plaintiff timely commences an action and then suffers a nonsuit, she may commence a new action within one year. *See* Ark. Code Ann. § 16-56-126 (Repl. 2005). Greenlee argues that the savings statute applies to her claims against Alexander because she filed her complaint on February 6, 2014, and then nonsuited on June 10, 2014, but commenced the second action on June 17, 2014. In other words, Greenlee asserts that the mere filing of her complaint on February 6, 2014, commenced the action and tolled the statute of limitations.

Greenlee's argument is without merit. Our supreme court has considered and rejected a similar argument in *Green v. Wiggins*, 304 Ark. 484, 803 S.W.2d 536 (1991). Specifically, in *Green*, the plaintiff brought an action against three physicians. *Id.* The plaintiff served one of the physicians but did not serve the other two physicians. *Id.* The plaintiff needed more time to see whether he sued the correct doctors, so he obtained an order dismissing his suit without prejudice. *Id.* The plaintiff then filed a second complaint outside the applicable limitations period against the two unserved physicians. *Id.* The second action was dismissed

as untimely, and the plaintiff appealed. *Id.* On appeal, our supreme court affirmed the circuit court's dismissal, holding that the plaintiff could not avail himself of the savings statute with respect to his second complaint against the two physicians because he had failed to serve them with his first complaint. *Id.* The court noted that the commencement date is subject to the plaintiff's completing service within 120 days from the date of filing the complaint, unless the time for service has been extended by the court. *Id.*

Thus, in this case, even though Greenlee filed her first complaint against Alexander within the statute of limitations, the action never commenced because she did not serve him within 120 days. Accordingly, the savings statute did not apply to Greenlee's claims against Alexander, and the circuit court properly dismissed them as time-barred.

Affirmed.

GRUBER and HOOFMAN, JJ., agree.

*Mark Freeman*, for appellant.

*Benson & Associates, P.L.C.*, by: *Justin Bennett* and *Joe Benson*, for appellee.